Case 6:10-cv-00444-GAP-GJK Document 2 Filed 03/24/10 Page 1 of 6 PageID 7

IN THE COUNTY COURT IN AND FOR
SEMINOLE COUNTY, FLORIDA

CASE NO. 10-CC-738-20-S

BEATRIZ ROLDAN,

    Plaintiff,

v.

NCO FINANCIAL SYSTEMS, INC.,

    Defendant.

_____/

6:10-cv-444-Orl-31GJK

## COMPLAINT

NOW COMES the Plaintiff, BEATRIZ ROLDAN, by and through her attorneys, WEISBERG & MEYERS, LLC, complaining against the Defendant, NCO FINANCIAL SYSTEMS, INC., and alleging as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereafter the "FDCPA"), 15 U.S.C. §1692, et seq. and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72.

### PARTIES

2. Plaintiff, BEATRIZ ROLDAN ("Plaintiff"), is an individual who was at all relevant times residing in the City of Lake Mary, State of Florida.

3. At all relevant times herein, Defendant, NCO FINANCIAL SYSTEMS, INC., ("Defendant") or ("NCO") acted as a debt collector within the meaning of 15 U.S.C. §1692a(6) in that it held itself out to be a company collecting a debt allegedly owed to Suntrust Bank.

4. Defendant is a corporation that is authorized to do business in Lake Mary, Florida.

## ALLEGATIONS
## COUNT I
## VIOLATIONS OF THE FDCPA v. NCO

5. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

6. Defendant is a debt collector that has made at least one attempt to collect an alleged debt from the Plaintiff on behalf of Suntrust Bank.

7. Defendant regularly collects debts for business entities such as Suntrust Bank.

8. Plaintiff allegedly owes a debt to Suntrust Bank for a checking account that was overdrawn nearly fifteen (15) years ago.

9. Plaintiff had only one account with Suntrust that was overdrawn.

10. Defendant began reporting the debt as unpaid to Plaintiff's credit report in April, 2009.

11. Defendant then began reporting the same debt again in July, 2009, this time under a different account number.

12. Plaintiff's credit report shows two (2) debts in collections for the amount of $756.00 from Defendant.

13. On at least one occasion, beginning in September of 2009, Defendant's employees and agents made a telephone call to Plaintiff in at attempt to collect the aforementioned alleged debt.

14. On at least one occasion, Defendant's employees and agents called Plaintiff two (2) times in a single day, even after Plaintiff has spoken to Defendant and offered all relevant information.

15. On at least one occasion, Defendant's employees and agents called Plaintiff at approximately 10:00 p.m. local time for Plaintiff.

16. Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 in one or more of the following ways:

    a. Communicating or threatening to communicate credit information which is known or which should be known to be false in violation of 15 U.S.C. §1692e(8);

    b. Causing a telephone to ring or engaging Plaintiff in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff in violation of 15 U.S.C. §1692d(5);

    c. Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff in violation of 15 U.S.C. §1692c(a)(1); and

    d. Was otherwise deceptive and failed to comply with the Fair Debt Collection Practices Act.

17. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

18. As a result of Defendant's violations as aforesaid, Plaintiff suffered a substantial disruption in his daily routine thus warranting an award of emotional and/or mental anguish damages.

WHEREFORE, Plaintiff, BEATRIZ ROLDAN, by and through her attorneys, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered;

b. Emotional and/or mental anguish damages;

c. Statutory damages of $1,000.00;

d. Plaintiff's attorneys' fees and costs;

e. Any other relief deemed appropriate by this Honorable Court.

### COUNT II
### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT AGAINST NCO

19. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

20. Defendant violated the Florida Consumer Collection Practices Act, Fla. Stat. §559.72 in one or more of the following ways:

a. Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert he existence of some other legal right when such person knows that the right does not exist in violation of Fla. Stat. §559.72(9);

b. Willfully engaged in conduct which could reasonably be expected to abuse or harass the Plaintiff and members of her family in violation of Fla. Stat. §559.72(7);

c. Communicate with the debtor between the hours of 9 p.m. and 8 a.m. in the debtor's time zone without the prior consent of the debtor in violation of Fla. Stat. §559.72(17); and

    d.    Was otherwise deceptive and failed to comply with the Florida Consumer Collection Practices Act.

21.    As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, BEATRIZ ROLDAN, by and through her attorneys, respectfully prays for judgment as follows:

    a.    All actual compensatory damages suffered;

    b.    Emotional and/or mental anguish damages;

    c.    Statutory damages of $1,000.00;

    d.    Plaintiff's attorneys' fees and costs;

    e.    Any other relief deemed appropriate by this Honorable Court.

## COUNT III
## COMMON LAW INVASION OF PRIVACY BY INTRUSION

22.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

23.    Defendant's aforementioned violations of the FDCPA and FCCPA also constitute an intentional intrusion into Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive to a reasonable person.  Plaintiff had a subjective expectation of privacy in the context of Defendant's invasions, and this expectation was objectively reasonable under the circumstances

WHEREFORE, Plaintiff, BEATRIZ ROLDAN, by and through her attorneys, respectfully prays for judgment as follows:

    a.    All actual compensatory damages suffered;

b. Emotional and/or mental anguish damages;

c. Plaintiff's attorneys' fees and costs; and

d. Any other relief deemed appropriate by this Honorable Court.

***PLAINTIFF REQUESTS A TRIAL BY JURY***

ALEX D. WEISBERG
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 South Flamingo Road, Ste. 656
Cooper City, FL 33330

(954) 212-2184
(866) 577-0963 fax

By: _____
Alex D. Weisberg, Esq.
FBN: 0566551